# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 92-469 |
| GERALD ELWOOD | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Gerald Elwood ("Elwood"), requesting relief pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) from this Court's previous order denying his Rule 60(d)(3) motion as an unauthorized successive § 2255 motion. The government has filed a response.[2] For the following reasons, Elwood's motion is **DENIED**.

## *BACKGROUND*

On December 15, 1993, Elwood was sentenced to life imprisonment after he was convicted by a jury of one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, two counts of committing murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a), one count of committing a violent crime in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a), and two counts of violating the Federal Gun Control Act of 1968 under 18 U.S.C. § 924(c)(1). Elwood's conviction was affirmed by the U.S. Fifth Circuit Court of Appeals on August 14, 1995. United States v. Tolliver, 61 F.3d 1189 (5th Cir. 1995).

On July 29, 1997, Elwood was granted relief under 28 U.S.C. § 2255 when another section of this Court vacated the two counts of violating the Federal Gun Control Act. Since

---

[1] R. Doc. No. 1184.

[2] R. Doc. No. 1199.

1

then, Elwood has filed several unsuccessful § 2255 motions. In September 2000 and again in September 2004, the Fifth Circuit denied Elwood's request for leave to file successive § 2255 motions. In April 2005, the Fifth Circuit denied another successive § 2255 motion. In December 2009, another section of this Court also denied Elwood's "Writ of Error Coram Nobis" on the ground that the motion was a disguised successive § 2255 motion.

On April 27, 2011, Elwood filed a motion for relief from a previous judgment pursuant to Rule 60(d)(3). Elwood argued that the Assistant United States Attorneys prosecuting his case perpetrated a fraud on the Court and the Fifth Circuit by eliciting the testimony of Wilfred Carr ("Carr"). On June 14, 2011, the Court denied Elwood's Rule 60(d)(3) motion as yet another disguised and unauthorized successive §2255 motion. Elwood now seeks relief from that order under Rules 60(b)(1) and 60(b)(6) on the ground that his motion was denied before he had the opportunity to review the government's response and file a reply.

*LAW AND ANALYSIS*

The Federal Rules of Civil Procedure provide a means for parties to obtain relief from a judgment or order in appropriate circumstances. Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Elwood requests relief from the Court's previous order under Rules 60(b)(1) and 60(b)(6) on the ground that his previous motion was denied before he had the opportunity to review the government's response and file a reply. He claims that he suffered prejudice because he was never made aware of any information, case law, or any denials or admissions made by the government with respect to his motion. Also, because he could not reply to the government's response, Elwood argues that the Court misconstrued his arguments as an attack on the merits of his underlying conviction and overlooked his argument that fabricated evidence fouled the entire proceeding, including the procedural integrity of his habeas proceedings. Elwood explains that the fraud he alleged in his Rule 60(d)(3) motion

> took place throughout different stages of the entire proceeding, which was, (1) Prior to the trial beginning. Thereafter improperly influencing the Court and the proceeding. Also the government intentionally deceived the 5th Circuit Court of Appeals by deception (Fabrication of Evidence). Lastly, the Fraud continued right through to the habeas proceeding when the government covered up that Wilfred Carr had lied. Part of the fabrication of evidence on behalf of the government. At all phase of the entire proceeding the FABRICATION OF EVIDENCE on behalf of officer of the court took place concerning Wilfred Carr. Therefore Petitioner contends that it is unconceivable to distinguish the proceedings in this case when you can not get to a habeas proceeding without the fraud that occurred throughout the entire process in this case, because there would not have been a second trial if not for the fabrication of Evidence, which was Wilfred Carr testimony in this cases. The government willful deception through every stage, that continued right through the habeas proceeding is the egregious, blatant, flagrant, obvious conduct on behalf of the officer of the court.

The government opposes the motion as another veiled attempt to circumvent the certification requirement for a successive § 2255 motion. When a pleading labeled as a Rule 60(b) motion is in substance a successive habeas petition, it should be treated as such. Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005). However, a

Rule 60 motion should not be construed as successive § 2255 motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.

Elwood's present motion is properly evaluated under Rule 60 and it should not be construed as a successive § 2255 motion. His inability to review the government's response or file a reply memorandum relates to the integrity of the habeas proceedings, not the substance of the Court's ruling with respect to his Rule 60(d)(3) motion. See United States v. Avalos-Vasquez, 339 Fed. Appx. 875, 877-78 (10th Cir. 2009) (holding that a Rule 60(b) motion based on the government's failure to serve its response on petitioner and the petitioner's subsequent inability to file a reply memorandum constituted a "true" Rule 60(b) allegation rather than a successive § 2255 motion).

Nevertheless, Elwood has failed to demonstrate that he is entitled to relief pursuant to Rule 60(b)(1) or 60(b)(6). In denying Elwood's Rule 60(d)(3) motion, the Court considered the argument that the Assistant United States Attorneys prosecuting Elwood's case perpetrated a fraud on the Court and the Fifth Circuit by eliciting Carr's testimony. The Court also considered Elwood's argument that the government was aware that Carr's testimony was "tainted" when it argued against his § 2255 motion. Elwood asserts no arguments that were overlooked or misconstrued by the Court in denying his Rule 60(d)(3) motion as an unauthorized successive § 2255 motion. Therefore, Elwood has failed to show that the Court's order denying his motion should be vacated pursuant to Rule 60(b)(1) or 60(b)(6) due to his inability to review the government's response and file a reply.

Accordingly,

**IT IS ORDERED** that Elwood's motion pursuant to Rule 60(b)(1) and Rule 60(b)(6) is **DENIED**.

New Orleans, Louisiana, November 21, 2011.

						_____
						**LANCE M. AFRICK**
						**UNITED STATES DISTRICT JUDGE**