## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                               No. 92-469

GERALD ELWOOD                                      SECTION I

### ORDER & REASONS

Before this Court is *pro se* defendant Gerald Elwood's ("Elwood") motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The government opposed Elwood's motion,[2] and Elwood filed a reply.[3] For the reasons discussed below, this Court denies Elwood's motion for compassionate release or reduction in sentence.

## I.     BACKGROUND

On August 27, 1993, Elwood was convicted of one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, two counts of murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a), one count of assault with a deadly weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a), and two counts of violating the Federal Gun Control Act of 1968 in violation of 18 U.S.C. § 924(c)(1).[4] On December 15, 1993, Elwood was sentenced to a term of

---

[1] R. Doc. No. 1288.
[2] R. Doc. No. 1294.
[3] R. Doc. No. 1299.
[4] R. Doc. No. 1092, at 1–2 (citing *United States v. Tolliver*, 61 F.3d 1189, 1196 (5th Cir. 1995), *vacated and remanded on other grounds*, 516 U.S. 1105 (1996)).

life imprisonment.[5] On July 29, 1997, Elwood was granted partial relief under 28 U.S.C. § 2255 when another section of this Court vacated his convictions for the two counts of violating the Federal Gun Control Act.[6] Elwood has filed a number of unsuccessful § 2255 motions in 2000, 2004, and 2005.[7]

On April 27, 2011, Elwood filed a motion[8] for relief from a previous judgment pursuant to Federal Rule of Criminal Procedure 60(d)(3), arguing that the Assistant United States Attorneys prosecuting his case perpetrated a fraud on the Court and the Fifth Circuit by eliciting the testimony of Wilfred Carr before the grand jury and at trial. On June 14, 2011, the Court denied Elwood's Rule 60(d)(3) motion as a disguised and unauthorized successive § 2255 motion.[9] On July 5, 2011, Elwood filed a motion[10] for relief from the Court's judgment, pursuant to Rules 60(b)(1) and 60(b)(6), on the ground that his motion was denied before he had the opportunity to review the government's response and file a reply. This Court denied Elwood's motion on November 21, 2011, as he failed to demonstrate that he was entitled to relief.[11]

Elwood filed the instant motion seeking compassionate release or a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[12] Elwood is 62 years old and he has served 31 years in prison.

---

[5] R. Doc. No. 3, at 26–27.
[6] R. Doc. No. 1203, at 2.
[7] *See id.* (discussing prior § 2255 motions).
[8] R. Doc. No. 1171.
[9] R. Doc. No. 1181.
[10] R. Doc. No. 1184.
[11] R. Doc. No. 1203.
[12] R. Doc. No. 1288.

## II.      STATEMENT OF LAW

### A.      Exhaustion

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *Franco*, 973 F.3d at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

### B.      Extraordinary and Compelling Reasons

The Court "may" grant defendant's motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §

3582(c)(1)(A)(i).[13] According to the statute, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at (ii). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[14]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, this Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [its] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted).

---

[13] "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and *Thompson*, 984 F.3d at 433–35).

[14] *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

4

The First Step Act provided a new avenue to request compassionate release. Previously, only the Director of the Bureau of Prisons ("BOP")—not defendants themselves—could move for compassionate release. The First Step Act changed that, but the Sentencing Commission's policy statements have lagged behind. Because these policy statements have not been amended since the enactment of the First Step Act, portions of the statements now contradict 18 U.S.C. § 3582(c)(1)(A).[15]

### III.   LAW & ANALYSIS

### A. Exhaustion

On February 11, 2022, Elwood submitted a Request for Administrative Remedy to Warden J. Gilley at United States Penitentiary McCreary ("USP McCreary") asking for compassionate release.[16] Warden Gilley denied the request.[17] Warden Gilley also denied Elwood's appeal submitted on March 24, 2022.[18] Elwood then appealed to the Regional Director of the Bureau of Prisons Mid-Atlantic Region, J.C. Petrucci, on April 22, 2022.[19] Regional Director Petrucci denied his appeal.[20] Elwood filed the instant motion on August 4, 2022. Elwood has satisfied the

---

[15] For example, the policy statement referenced above begins with "[u]pon a motion by the Director of the Bureau of Prisons"—which implies that the entire statement applies only to motions made by the director of the BOP (and not those filed by defendants). U.S.S.G. § 1B1.13, Policy Statement; *see also id.* cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons[.]"); *see also United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (noting the discrepancy).
[16] R. Doc. No. 1288-1, at 5.
[17] *Id.* at 6.
[18] *Id.* at 7.
[19] *Id.* at 8.
[20] *Id.*

administrative exhaustion requirement, which the government also concedes.[21] The Court will accordingly proceed to the merits of Elwood's motion.

## B. Extraordinary and Compelling Reasons

A defendant must present extraordinary and compelling reasons justifying his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As stated, the Sentencing Commission's policy statement "informs" this Court's analysis of whether Elwood has presented such reasons. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1); *Perdigao*, 2020 WL 1672322, at *2.

Elwood makes no arguments that his age (sixty-two) or his family circumstances qualify as extraordinary or compelling under the policy statement. Therefore, the only remaining possible grounds that the Court may find extraordinary and compelling are his medical conditions or "other reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The Court concludes that neither are sufficient.

### i.   *Medical Conditions*

The Sentencing Commission's relevant policy statement specifies that, to be sufficiently serious as to warrant release, a medical condition must be a "terminal illness," or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

---

[21] R. Doc. No. 1294, at 5.

While Elwood asserts in his original motion that the presence of COVID-19 at USP McCreary puts him at risk,[22] he concedes that concerns regarding COVID-19 do not qualify as extraordinary and compelling circumstances in his reply to the government's opposition, acknowledging that circumstances have changed since he initiated the administrative remedy process.[23]

In addition to general concerns regarding COVID-19, Elwood states in his motion that he suffers from heart disease, high blood pressure, and high cholesterol, and takes daily medications for his conditions.[24] Elwood, who wears a prosthetic on his left leg and has arthritis,[25] had surgery for a torn meniscus in his right knee in May 2021, and he takes pain medication that complicates the management of his high blood pressure.[26] However, aside from general allegations that his high blood pressure is "not being managed with the medication that is recommended and provided for [him] to take daily" and that he "struggles with aging medical problems,"[27] Elwood offers no evidence that these conditions substantially diminish his ability to provide self-care at USP McCreary. U.S.S.G. § 1B1.13 cmt. n.1(A).

Elwood's medical records indicate that he has received appropriate medical care for his conditions, and that they are well-managed.[28] His medical conditions do not qualify as "extraordinary and compelling" under Fifth Circuit caselaw. *See See,*

---

[22] R. Doc. No. 1288, at 8.
[23] R. Doc. No. 1299, at 5.
[24] *Id.* at 9–10.
[25] R. Doc. No. 1288, at 9.
[26] *Id.*
[27] *Id.* at 8.
[28] *See* R. Doc. No. 1294-3–5 (Elwood's medical records for 2020 through 2022).

e.g., *Thompson*, 984 F.3d at 434 (affirming denial of compassionate release for inmate with hypertension and high cholesterol, noting that "both [conditions] are commonplace" and not "extraordinary"); *see also United States v. Murray*, No. 19-041, 2020 WL 4000858, at *5 (E.D. La. July 15, 2020) (Fallon, J.) (holding that conditions such as high blood pressure and arthritis do not constitute "extraordinary and compelling" reasons justifying release as the "conditions are not life-threatening, nor do they appear to substantially diminish [defendant's] ability to provide self-care while incarcerated").

### ii.   *"Other" Reasons*

Citing *Concepcion v. United States*, 142 S. Ct. 2389 (2022), Elwood argues that the circumstances surrounding his conviction, combined with changes in his character and outlook during three decades of incarceration in federal prison, constitute extraordinary and compelling circumstances sufficient to merit his release.[29] The government asserts, and this Court agrees, that *Concepcion* does not stand for the proposition that a compassionate release motion pursuant to 18 U.S.C. § 3582 is an appropriate vehicle to attack the propriety of Elwood's conviction and sentence.[30]

In *Concepcion*, the Supreme Court held that the First Step Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Id.* at 2404. A federal judge, in determining and imposing a

---

[29] R. Doc. No. 1288, at 19.
[30] R. Doc. No. 1294, at 8.

8

sentence, "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* at 2399 (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). In *Concepcion*, as the government points out,[31] the "changes of fact" concerned changes in the defendant's character while incarcerated. *Id.* at 2397–98. Here, Elwood urges this Court to consider not only changes to his character, but what he argues are changes in the Court's understanding of the factual circumstances surrounding his conviction.[32]

More specifically, Elwood argues that his conviction resulted from the "War on Drugs," which he says was "designed to hand down long harsh prison sentences, with laws, procedures, and unconstitutional tactics."[33] Elwood claims he did not commit the violent acts for which he was sentenced, and that his reputation as an enforcer for the "Metz Organization"[34] is a narrative "concocted in the U.S. Attorney Office . . . ."[35] Elwood goes to considerable lengths in his motion to debunk this "narrative," attaching documents that, he claims, establish the kind of "changes of fact" this Court has the discretion to consider when sentencing or resentencing, per *Concepcion*.[36] Taken together, Elwood argues, the resulting doubt regarding the

---

[31] *Id.* at 8.
[32] R. Doc. No. 1299, at 11.
[33] R. Doc. No. 1288, at 10.
[34] *Tolliver*, 61 F.3d at 1196.
[35] *Id.* at 13.
[36] R. Doc. No. 1288-2, at 25–93.

propriety of his conviction is sufficiently extraordinary and compelling to support his release.[37]

Elwood also reurges an argument he made on direct appeal,[38] claiming that his conviction in the instant matter included a count for which he had already been convicted and sentenced.[39] The Fifth Circuit relied on the double jeopardy exception outlined in *Brown v. United States*, 432 U.S. 161 (1977), to dispose of Elwood's claim, finding that "the evidence necessary to sustain the charge was not discovered until after the Elwood I prosecution."[40] Elwood asserts that, regardless of the Fifth Circuit's decision, he must be one of a very short list of federal prisoners who have been convicted and sentenced twice for the same crime, and this fact contributes to the extraordinary and compelling circumstances that merit his release.[41]

The government argues that Elwood improperly uses his motion for compassionate release to attack the propriety of his conviction, which should instead be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.[42] The government points out that Elwood failed to vacate his life sentence in a previous § 2255 motion and that he has been denied permission by the Fifth Circuit to file successive § 2255 motions on three occasions.[43] The government asserts, therefore,

---

[37] R. Doc. No. 1288, at 19.
[38] *Tolliver*, 61 F.3d at 1209 ("Elwood argues that the district court improperly denied his pre- and post-trial motions to dismiss count one of the indictment on double jeopardy grounds.").
[39] *See United States v. Elwood*, 993 F.2d 1146 (5th Cir. 1993) ("Elwood I").
[40] *Tolliver*, 61 F.3d at 1212.
[41] R. Doc. No. 1288, at 12.
[42] R. Doc. No. 1294, at 8.
[43] *Id.* at 7–8.

that *Concepcion*'s holding that courts may consider intervening changes of law or fact when resentencing does not authorize a prisoner to attack the propriety of his conviction and sentence in a compassionate release motion.[44] The Court agrees.

The Supreme Court held in *Concepcion* that the only limitations on the "longstanding tradition" of discretion afforded to sentencing courts "to consider any relevant materials at an initial sentencing or in modifying that sentence are those set forth by Congress in a statute or by the Constitution." 142 S. Ct. at 2396, 2400. The procedural requirements of 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A) are such congressional constraints. As the Second Circuit held in *United States v. Amato*, 28 U.S.C. § 2255 is a "constraint imposed by Congress" on courts' discretion in that it "provides the procedural mechanism for [defendants'] arguments regarding actual innocence and the legality of [their] conviction[s]." 48 F.4th 61, 66 n.5 (2d Cir. 2022). Accordingly, the Second Circuit reasoned, its ruling that defendants are not allowed to "circumvent the procedural limitations of § 2255 by repackaging actual innocence arguments into the § 3553(a) factors" under § 3582(c)(1)(A) is consistent with *Concepcion. Id.* In essence, "*Concepcion* is about the matters that district judges may consider when they resentence defendants[,]" and the U.S. Supreme Court did not do away with the procedural requirements imposed by Congress when enacting 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A). *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022) (holding that "*Concepcion* is irrelevant to the threshold question

---

[44] *Id.* at 8.

11

whether any given prisoner has established an 'extraordinary and compelling' reason for release" as required by 18 U.S.C. § 3582(c)(1)(A)(i)).

While Elwood has consistently maintained that he was not involved in either of the murders for which he was convicted and, with the help of his son, has collected documents he asserts corroborate parts of his story,[45] a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is not the appropriate vehicle to advance those arguments. Elwood must request authorization from the Fifth Circuit to file a successive § 2255 motion.[46]

## C.      Section 3553(a) Factors

Though the Court has found that Elwood's circumstances do not present extraordinary and compelling reasons to grant compassionate release, and therefore it need not "consider[] the factors set forth in 18 U.S.C. § 3553(a),"[47] 18 U.S.C. § 3582(c)(1)(A), the Court nonetheless concludes, in the alternate, that compassionate release is not warranted by the 18 U.S.C. § 3553(a) factors. The most applicable factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the "need for the sentence imposed . . . to reflect

---

[45] R. Doc. No. 1288-2, at 25–93.

[46] "To impose a sentence, there must necessarily be a valid conviction. If a defendant contends his conviction by a federal court is invalid, Congress has provided a vehicle to raise such a challenge through a motion pursuant to 28 U.S.C. § 2255, which imposes particular procedural limitations. A defendant cannot evade this collateral review structure by attacking the validity of his conviction through § 3582. Accordingly, we conclude, arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255." *Amato*, 48 F.4th at 65.

[47] *See Jackson*, 27 F.4th at 1093.

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and the need (3) "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B)/

Elwood is currently serving three life sentences for "committing murder and other violent crimes in aid of racketeering activity." *Tolliver*, 61 F.3d at 1196. Elwood argues that the Court's consideration of the nature and circumstances of his offense pursuant to 18 U.S.C. 3553(a) should acknowledge that the circumstances surrounding each count are "murky to say the least."[48] Elwood's motion argues in considerable detail and documentation what he alleges to be a conspiracy to connect him to violent acts he did not commit for the purpose of enhancing his sentence to life in prison.[49]

In addition to the convictions before the Court, Elwood has only one prior conviction; on December 19, 1991, he was found guilty of conspiracy with intent to distribute cocaine, possession with intent to distribute cocaine, and possession of a firearm during the commission of a drug trafficking offense and he was sentenced to a term of incarceration of 181 months.[50] Elwood asserts that he has "spent 31 years atoning for his past" and that he has a proven record of rehabilitation.[51] During his time in prison, Elwood has only been cited for three disciplinary infractions, none of which are related to drugs or acts of violence.[52] By his account, Elwood has mentored

---

[48] R. Doc. No. 1288, at 21.
[49] R. Doc. No. 1288-2.
[50] *Elwood*, 993 F.2d 1148
[51] R. Doc. No. 1288, at 21.
[52] *Id.*

inmates transitioning out of prison and organized programming inside prison for the organization A Mother's Cry.[53] Elwood also alleges he played a key role in raising $8,600 for the St. Jude Children's Research Hospital.[54] And he has bettered himself during his incarceration, completing over 50 Adult Continuing Education programs and working for more than twenty years as part of the BOP's Federal Prison Industries initiative, a voluntary work program that provides job training and helps inmates develop essential life skills.[55]

The record also contains a myriad of letters attesting to Elwood's constant mentoring through phone calls, letters, visits, etc. His son, a New Orleans fireman, attended Archbishop Rummel High School, in part with tuition fees contributed by his father.[56] His daughter explains that Elwood has "always impacted my life and made his presence known in his absence."[57]

In response, the government acknowledges Elwood's commendable conduct in prison, but argues that early release should be foreclosed based on the nature of his crimes.[58] The government points out that "Elwood led and personally participated in a double murder . . . in which over 150 bullets were fired at a moving vehicle on a public roadway," arguing that the magnitude of such a crime "cannot be outweighed by positive behavior in prison."[59] In support of its position, the government points to

---

[53] *Id.* at 22.
[54] R. Doc. No. 1288-2, at 91–93.
[55] R. Doc. No. 1288, at 23.
[56] R. Doc. No. 1288-1, at 3–4, 13.
[57] *Id.* at 5.
[58] R. Doc. No. 1294, at 9.
[59] *Id.* at 9–10.

this Court's denial of a motion for compassionate release submitted by Glenn Metz ("Metz"), Elwood's co-defendant.[60] There, this Court found that "Metz's crimes were exceptionally serious and that his sentence [of life imprisonment] promotes respect for the law, reflects the seriousness of his offenses, and provides just punishment for them." *United States v. Metz*, No. 92-469, 2021 WL 3033317, at *5 (E.D. La. Jul. 19, 2021) (Africk, J.).

The Court also noted in *Metz* that, "while deterrence [was] not the primary justification" for the Court's conclusion, the Court also hoped that "Metz's continued incarceration will highlight for the public the life-altering consequences of participating in organized criminal activity, potentially deterring some from taking part." *Id.* The same hope animates, in part, the Court's conclusion today.

Elwood urges that a reduction of his sentence is necessary "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). He cites a number of cases in which compassionate release was granted, only three of which involved convictions for murder and all of which can be distinguished. The courts' decisions all highlight the heightened risk COVID-19 posed to the defendants' health. *See, e.g.*, *United States v. Rios*, No. 94-112, 2020 U.S. Dist. LEXIS 230074 (D. Conn. Dec. 8, 2020) (granting motion for compassionate release where government acknowledged that defendant's medical conditions in the context of the COVID-19 pandemic likely constituted extraordinary and compelling reasons); *United States v. Tidwell*, 476 F.

---

[60] *Id.*

Supp. 3d 66, 75 (E.D. Pa. 2020) (granting motion for compassionate release in light of court's finding that "the combination of [defendant's] stage IV prostate cancer and the COVID-19 pandemic substantially diminishes Tidwell's ability to provide self-care"); *United States v. Fisher*, 493 F. Supp. 3d 231 (S.D.N.Y. 2020); *United States v. Williams*, No. 04-95, 2020 U.S. Dist. LEXIS 63824 (N.D. Fla. Apr. 1, 2020) (finding defendant's "deterioration in physical health [was] sufficiently serious to satisfy the medical criteria for a reduction in sentence" where "an outbreak of COVID-19 in [the defendant's] facility would likely have fatal consequences for him."). Elwood himself concedes in his reply to the government's opposition that concerns regarding COVID-19 have greatly diminished and he does not advance arguments that he is particularly susceptible to COVID-19 at this time.[61] Accordingly, because of COVID-19 concerns and other factual differences, the Court does not find these cases offer persuasive evidence of unwarranted sentence disparities. 18 U.S.C. § 3553(a)(6).

As this Court said in *Metz*, thirty years is a long time. *Id.* at *4. And, as in *Metz*, Elwood has "endeavored to better himself[,]" *id.*, as evidenced by "his commendable conduct in prison including mentoring other inmates, participating in a charitable fundraiser, and vocational training."[62] Elwood's age and medical conditions "make future violent conduct unlikely,"[63] and Elwood may be a different

---

[61] R. Doc. No. 1299, at 5.
[62] R. Doc. No. 1294, at 4.
[63] R. Doc. No. 1280, at 10; R. Doc. No. 1288-2, at 70 (stating defendant's recidivism risk level is: "minimal risk recidivism level").

person than he was before his conviction. *Id.* However, after balancing the 18 U.S.C. § 3553(a) factors, the Court finds that compassionate release is not appropriate.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Elwood's motion for compassionate release is **DENIED**.

New Orleans, Louisiana, October 26, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**