# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 92-469** |
| **GERALD ELWOOD** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Gerald Elwood's ("Elwood") *pro se* reply brief[1] in support of his motion[2] for a sentence reduction. After denying Elwood's motion for a sentence reduction,[3] the Court received a request from Elwood for an extension of time to file a reply brief.[4] The Court granted the request[5] and Elwood timely filed his reply. Having reviewed Elwood's reply, the Court finds that it need not take any action to alter its original order denying Elwood's motion for compassionate release.

Elwood's reply states that "[n]othing in [his] motion . . . hinges on the Court's calculation of the guidelines, or enhancements adopted by the Court."[6] Instead, Elwood asserts that "by statute, and by indictment, a violation of state law[] was required as an element of the offense [of his conviction]."[7] Elwood now argues that the sentencing Court improperly used Louisiana's second-degree murder statute to determine the most analogous federal offense even though the jury "was never

---

[1] R. Doc. No. 1356.
[2] R. Doc. No. 1342.
[3] R. Doc. No. 1353.
[4] R. Doc. No. 1354.
[5] R. Doc. No. 1355.
[6] R. Doc. No. 1356, at 4.
[7] *Id.* at 5.

instructed on the elements of murder, more specifically [Louisiana] second-degree murder."[8]

The jury found Elwood guilty of "knowingly and intentionally murder[ing] and aid[ing] and abett[ing] in the murder[s] of" Michael Wilson and Donna Ellis.[9] The sentencing Court then referenced Louisiana's second-degree murder statute and federal first-degree murder to determine Elwood's sentencing guidelines range.[10] As the Court previously explained, changes in law affecting a defendant's guidelines calculation are not the kinds of changes in law contemplated by the relevant amended policy statement, U.S.S.G. § 1B1.13(b)(6).

Further, to the extent Elwood is arguing that his *conviction* was improper because the jury was not instructed on the elements of murder, a § 3582 motion is not the appropriate vehicle for that argument. *See United States v. Robinson*, No. 16-413-1, 2023 WL 4494351, at *3 (S.D. Tex. July 10, 2023) (citing *United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023)) (finding that the defendant's challenge to the constitutionality of his conviction was not cognizable pursuant to § 3582(c) because it was cognizable pursuant to 28 U.S.C. § 2255). In any event, Elwood's arguments are based on *Apprendi* and *Alleyne*, cases about the validity of sentencing practices, not the validity of convictions.

---

[8] *Id.*
[9] R. Doc. No. 524, at 37–38 (Counts 9 and 10 of the jury verdict form).
[10] *See generally* R. Doc. No. 1342-8 (transcript of hearing in which the Court and the parties discussed the first-degree murder cross-reference and its effect on Elwood's sentencing guidelines).

2

Elwood's reply also asserts that the U.S. Sentencing Commission's recent amendment to the relevant policy statement, which permits courts to consider changes in the law as extraordinary and compelling circumstances warranting a sentence reduction if certain conditions are satisfied, changes the § 3553(a) analysis.[11] Not so. The relevant amendment to the policy statement changes the "extraordinary and compelling reasons" analysis, not the § 3553(a) analysis. *See* U.S.S.G. §§ 1B1.13(a)–(b).

Accordingly, having considered Elwood's reply, the Court will take no action. The Court's previous order and reasons denying Elwood's motion for a sentence reduction remains in place.

New Orleans, Louisiana, February 27, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 1356, at 6–7.